■ RENOL HOLDING CORP., as Assignee of RADICE CONSTRUCTION CORP., Respondent, v. SAMUEL M. GOODMAN et al., Appellants.— In an action by the assignee of the purchaser named in a contract for the sale of real property to impress a vendee's lien, the appeal is from a judgment, entered after trial before an Official Referee to whom the action was referred to hear and determine, adjudging that respondent has a vendee's lien and directing that the property be sold to satisfy said lien. The contract provided that a survey of the property should be made at the purchaser's own cost and expense and that in the event title be unmarketable, the sellers should refund such cost to the purchaser. The contract further provided that it was conditioned upon the purchaser's having access to the property from a certain road through

the extension of another road and that in the event such access was not present the money paid by the purchaser on the signing of the contract should be refunded by the sellers. Shortly after the execution of the contract, a title company, after a preliminary examination of the records, informed the purchaser's attorney that it could not insure such access. The purchaser thereupon demanded a return of the deposit on the ground that a portion of the access road was owned by a third party and was not a public highway. Subsequently, and prior to the date set for closing title, the title company changed its position and stated that it was satisfied beyond any doubt that such right of access existed, and that its first letter was based on the erroneous assumption that title to the bed of the strip in question was a prerequisite to insurance of access over it. Access as provided in the condition contained in the contract does in fact exist. Judgment reversed on the law and the facts, with costs, and amended complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. It is our view that the provision in the contract that the purchaser should "determine" whether or not access was present meant simply that it should "ascertain" or "find out" the *fact* of its existence or nonexistence before incurring expense for surveys. Under the circumstances disclosed in this record, the purchaser's purported determination and its demand for return of the deposit based on a preliminary title company search, where access did in fact exist and where the title company since expressed its willingness to insure that fact, was arbitrary and ineffectual and does not entitle respondent to a return of the deposit, predicated on the presence or absence of such right of access. Ughetta, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Murphy, J., dissent and vote to affirm, with the following memorandum: The contract provides that the purchaser agrees to determine whether such access is present. On being advised by the title company that there was no access, the purchaser in good faith advised the sellers and demanded the return of its down payment. The determination was for the purchaser to make and the purchaser made it. "Determination" implies finality, as it does when used in connection with the judgments or orders of our courts.